IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH G. HERON<br><br>Plaintiff<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.<br><br>Defendant | CIVIL ACTION-LAW<br><br>NO:<br><br>**JURY TRIAL DEMANDED**<br><br>**ELECTRONICALLY FILED**<br><br>**COMPLAINT** |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by Plaintiff, Kenneth Heron an individual consumer, against Defendant, National Enterprise Systems, Inc., ("NES") for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. ("FCEUA"), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., ("UTPCPL"). The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt and NES is subject to strict liability for collection activity which violates the provisions of the FDCPA.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

4. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§ 1331, 1337.

### III. PARTIES

5. Plaintiff, Kenneth G. Heron, ("Mr. Heron"), currently resides in Clarks Summit, Lackawanna County, Pennsylvania.

6. National Enterprise Systems, Inc., ("NES") is a foreign corporation, engaged in the business of collecting debts withing the Commonwealth of Pennsylvania, with offices for the regular transaction of business located at 29125 Solon Road, Solon, Ohio 44139. NES regularly transacts business in this district.

7. NES regularly engages in the collection of consumer debts using the mails and telephone.

8. NES regularly attempts to collect consumer debts alleged to be due another.

9. NES is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

### IV. STATEMENT OF CLAIM

10. On or about June 9, 2009, NES, through its agent, Mr. Slade, telephoned Plaintiff ("1st Call") in an attempt to collect an alleged credit card debt which arose out of a transaction which was incurred primarily for personal, family or household purposes ("Debt").

11. During the 1st call, Mr. Slade demanded to know who Plaintiff would immediately pay on the alleged debt.

12. During the 1st call, Plaintiff explained to Mr. Slade that he was expecting to receive money that day and would make a payment towards the debt if the monies were actually received by him.

13. Towards that end, Plaintiff provided NES's agent, Mr. Slade with checking account information in order to permit NES to electronically withdrawal $1,500.00 and apply the same toward the debt.

14. Plaintiff informed Mr. Slade that the payment was contingent upon his receiving money on June 9, 2009.

15. On the afternoon of June 9, 2009, Plaintiff called NES ("2nd Call") and spoke with Mr. Slade.

16. Plaintiff advised Mr. Slade that the money Plaintiff had expected that day did not arrive and that he could not make a payment towards the debt.

17. Upon hearing this, Mr. Slade became angry and began screaming at Plaintiff.

18. Mr. Slade threatened to take Plaintiff and falsely accused Plaintiff of using the money for groceries and vacations.

19. Plaintiff was never able to respond to Mr. Slade who was shouting at Plaintiff.

20. Mr. Slade's final statement to Plaintiff before hanging up on Plaintiff was: "You just cost your fucking family $46,000.00."

21. Thereafter, another representative from NES called Plaintiff in an attempt to discuss the situation which arouse out of the call between Plaintiff and Mr. Slade on the afternoon of June 9, 2009.

22. Several messages were left between NES and Plaintiff following the 2nd call with Mr. Slade.

23. Plaintiff followed up with NES by written correspondence on June 29, 2009.

24. The telephone contacts between Plaintiff and NES constitutes "communications" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(2).

25. The FDCPA prohibits a debt collector from using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.  15 U.S.C. §§1692d(2).

26. NES's agent's use of profane language during the 2nd call to Plaintiff violates section 1692d(2) of the FDCPA.

27. The FDCPA prohibits a debt collector from using false, deceptive and misleading means to collect any debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken.  15 U.S.C. §§1692e, 1962e(5).

28. The threat of legal action by NES and Mr. Slade were designed to deceive and mislead Plaintiff into thinking that legal action was imminent to create a false sense of urgency in connection with the collection of a debt in violation of section 1692e(5).

29. To date, NES has not sued Plaintiff on the alleged debt.

30. NES, through its agents, acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing the Plaintiff to pay the alleged debt.

31. NES knew or should have known that their actions violated the FDCPA.  Additionally, NES could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

32. At all times pertinent hereto, NES was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the NES.

33. As a result of NES's conduct, Plaintiff has sustained emotional and mental pain and anguish in the form of anxiety, loss of sleep, loss of appetite, nervousness and pecuniary loss and she

will continue to suffer same for an indefinite time in the future, all to her great loss and detriment.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.
## KENNETH HERON v. NATIONAL ENTERPRISE SYSTEMS, INC.

34. Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

35. NES violated the FDCPA by sending false, deceptive or misleading communications in violation of §§ §1692d, §1692d(2), 1692e,1692e(5).

WHEREFORE, Plaintiff demands judgment against NES for:

(a) Damages;

(b) Attorney's fees and costs;

(c) Such other and further relief as the Court shall deem just and proper.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)
## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)
## 73 P.S. § 201-1 et. seq.

## KENNETH HERON v. NATIONAL ENTERPRISE SYSTEMS, INC.

36. Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

37. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

38. All of the above contacts by NES were "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

39. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

40. NES engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. NES's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b) Using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;

(c) Threatening to take action that cannot legally be taken and/or is not intended to be taken; and

(D) Using false representations and deceptive means to collect or attempt to collect a debt.

41. NES's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against the NES for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b) That judgment be entered against the NES for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c) That judgment be entered against the NES for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d) that the Court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(e) That the Court grant such other and further relief as may be just and proper.

### V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

**KELLEY & POLISHAN, LLC**

    S/PATRICK WALSH
PATRICK WALSH, ESQUIRE/87931
259 S. KEYSER AVE.
OLD FORGE, PA 18518
PHONE: (570) 562-4520
FAX: (570) 562-4531
Email: pwalsh@kelleypolishanlaw.com

**ATTORNEY FOR PLAINTIFF**
**KENNETH HERON**

G:\K&P\Heron, Kenneth 1695.00\COMPLAINT.FDCPA.NES.wpd